1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

4

5

6

7

8

9

| | |
|---|---|
| HUONG BUI, | Case No. 3:25-CV-00102-MMD-CLB |
| Plaintiff, | **ORDER DENYING PROPOSED STIPULATED PROTECTIVE ORDER** |
| v. | [ECF No. 21] |
| COPART OF ARIZONA, INC., *et al.*, | |
| Defendants. | |

10   The parties have submitted a proposed stipulated protective order. (ECF No. 21.)

11   This proposed order is deficient for multiple reasons. First, the proposed order does not

12   include a provision that provides a specific procedure for filing items identified as

13   "confidential" under the terms of this order in court filings in this lawsuit. Specifically, there

14   is no provision that addresses how documents identified as confidential can be used in

15   this case or that explicitly requires the parties to follow the dictates of the District of

16   Nevada's LR IA 10-5 nor does it acknowledge the requirements the of the Ninth Circuit

17   concerning the sealing of court records. *See Kamakana v. City and County of Honolulu*,

18   447 F.3d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d

19   1092, 1097 (9th Cir. 2016).

20   Next, the proposed order contains a provision that improperly states "[t]he terms

21   of this Protective Order shall survive the final termination of this action. . . and the Court

22   shall retain jurisdiction to enforce this Protective." (ECF No. 21 at 3.) However, this Court

23   will only retain jurisdiction over stipulated protective orders while a case <u>is pending,</u> and

24   its jurisdiction will <u>cease</u> upon dismissal of the case.

25   Finaly, the proposed order directs the parties to file motions for protective orders

26   in response to disputes over the confidentiality of a document or its use in a transcript or

27   deposition. (*Id.* at 2.) This is improper because it directs the parties to violate the informal

28

discovery dispute procedure outlined in the Court's standing order, which clearly states that "[n]o discovery motion may be filed until this procedure has been followed and such briefing is ordered by the Court." (ECF No 10 at 5-6.)

For these reasons, the Court **DENIES** the proposed stipulated protective order. (ECF No. 21.) The parties have leave to submit a revised stipulated protective order that comports with LR IA 10-5, the holdings in *Kamakana* and *Center for Auto Safety*, includes a proper jurisdictional provision, and does not violate the Court's informal discovery dispute procedure as described above.[1]

**IT IS SO ORDERED.**

**Dated**: September 12, 2025.

UNITED STATES MAGISTRATE JUDGE

---

[1] To assist the parties, the below "sealing" paragraph has been utilized and approved by this Court in other cases:

Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).